IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CR-499-1FL(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| WILLIE LEE HAYES, JR. | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about October 6, 2020, in the Eastern District of North Carolina, the defendant WILLIE LEE HAYES, JR., took a motor vehicle, that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force, violence, and intimidation, with the intent to cause death and serious bodily harm, in violation of Title 18, United States Code, Section 2119.

[Remainder of page intentionally left blank]

1

## COUNT TWO

On or about October 6, 2020, in the Eastern District of North Carolina, the defendant WILLIE LEE HAYES, JR., during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, as alleged in Count One of this Indictment, did knowingly use and carry a firearm, and did possess said firearm in furtherance of said crime of violence, and said firearm was brandished, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

## COUNT THREE

On or about October 6, 2020, in the Eastern District of North Carolina, the defendant WILLIE LEE HAYES, JR., knowingly stole a firearm, which had been shipped and transported in interstate commerce before it was stolen, in violation of Title 18, United States Code, Sections 924(l) and 2.

## COUNT FOUR

On or about October 6, 2020, in the Eastern District of North Carolina, the defendant WILLIE LEE HAYES, JR., knowingly possessed a stolen firearm, which had been shipped and transported in interstate commerce before it was stolen, knowing and having reasonable cause to believe the firearm was stolen, in violation of Title 18, United States Code, Section 922(j).

## COUNT FIVE

On or about October 6, 2020, in the Eastern District of North Carolina, the defendant WILLIE LEE HAYES, JR., knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm, and the firearm was in and affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.

[Remainder of page intentionally left blank]

## FOREFEITURE NOTICE

The defendants are hereby given notice that all of the defendants' interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offense(s) set forth in Count One, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(5), any property, real or personal, which represents or is traceable to gross proceeds obtained, directly or indirectly, as a result of such violation.

Upon conviction of the offense(s) set forth in Counts Two, Four, or Five, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), as made applicable by Title 28, United States Code, Section 2461(c), any and all firearms or ammunition involved in or used in a knowing commission of the said offense(s).

Upon conviction of any offense set forth herein that involved or was perpetrated in whole or in part by the use of firearms, or that involved the use of threats, force, or violence, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), as made applicable by Title 28, United States Code, Section 2461(c), and/or pursuant to Title 18, United States Code, Section 3665, any and all firearms and ammunition that were involved in or used in any willful violation of federal law, or that were intended to be used in the commission of any crime of violence as defined in Title 18, United States Code, Section 924(c), or that were found in the possession or under the immediate control of the defendant at

the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE ~~BILL~~

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 11-5-2020

Robert J. Higdon, Jr.
United States Attorney

By: Daniel William Smith
Assistant United States Attorney
Criminal Division